IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAI FUNG WU,

          Petitioner,

    v.

TODD LYONS, *et al.*,

          Respondents.

No. 4:26-CV-00665

(Chief Judge Brann)

**MEMORANDUM OPINION**

**APRIL 27, 2026**

## I.      BACKGROUND

Kai Fung Wu filed this 28 U.S.C. § 2241 petition alleging that his continued civil detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") violates his due process rights under the Fifth Amendment to the United States Constitution for two reasons.[1] First, Wu alleges that his detainment now exceeds a presumptively reasonable duration of six months, and he is therefore entitled to release from custody.[2] Second, he alleges that his conditions of confinement are punitive and, accordingly, violate his due process rights.[3]

---

[1] Doc. 1.
[2] *Id.*
[3] *Id.*

Wu is a citizen and native of the People's Republic of China who entered the United States of America in 2004.[4] He lived lawfully in the United States for several years under the Deferred Action for Childhood Arrivals program, but his participation in that program was revoked in 2019 after he was convicted in federal court for conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846.[5]

Upon Wu's release from custody, on February 12, 2025, he was detained by ICE and has been in its custody since that date.[6] Wu applied for relief from removal pursuant to the Convention Against Torture, but he was ordered removed to China on August 19, 2025.[7] He did not appeal that decision.[8]

Wu completed applications for travel documents in support of removal to China on October 2, 2025, November 10, 2025, November 20, 2025, and December 15, 2025.[9] Respondents maintain that ICE submitted travel documents to the Chinese Embassy on January 20, 2026. [10] That submission request is still pending with the Chinese government.[11] Wu is currently detained at the Federal Correctional Institution, Lewisburg, located within the Middle District of Pennsylvania.[12]

---

[4]   *Id* at 5.
[5]   *Id.*; Doc. 6-2 at 4.
[6]   Doc. 1 at 5.
[7]   *Id.*
[8]   *Id.*
[9]   *Id.* at 6.
[10]  Doc. 6-3 at 2.
[11]  *Id.*
[12]  Doc. 1 at 4.

In March 2026 Wu filed this 28 U.S.C. § 2241 petition arguing that his continued detention violates the Due Process Clause of the United States Constitution.[13] He avers that he has now been detained in excess of seven months and there is no reasonably foreseeable possibility of removal and, as a result, he must be released from custody.[14] He further argues that his conditions of confinement amount to unconstitutional punishment, which also merits release from custody.[15]

The Government responds that, although Wu has been detained in excess of six months, he has not demonstrated that he will not be removed in the reasonably foreseeable future, particularly since the Government has submitted to the Chinese government a request for travel documents.[16] Respondents do not address Wu's arguments related to his conditions of confinement.

Wu has filed a reply brief, rendering this matter ripe for disposition.[17] For the reasons discussed below, the petition will be denied.

## II.    DISCUSSION

Wu brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree

---

[13]    *See* Doc. 1.
[14]    *Id.* at 7-9, 11.
[15]    *Id.* at 9-10, 12.
[16]    Doc. 6 at 5-7.
[17]    Doc. 8.

of a court or judge of the United States."[18] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[19] Wu's claim related to the duration of his confinement is therefore properly brought in this petition.

### A.    Length of Detention

Wu is being detained under the post-removal detention provision of the Immigration and Nationality Act which states, in relevant part, that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[20] During the removal period "the Attorney General shall detain the alien."[21] The statute further provides that most individuals "may be detained beyond the removal period."[22]

However, authorizing unlimited detention presents constitutional concerns and, accordingly, in *Zadvydas v. Davis*,[23] the Supreme Court of the United States held that the removal statute "contain[s] an implicit 'reasonable time' limitation, the

---

[18]   28 U.S.C. § 2241(c)(2).
[19]   *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
[20]   8 U.S.C. § 1231(a)(1)(A).
[21]   *Id.* § (a)(2)(A).
[22]   *Id.* § (a)(6).
[23]   533 U.S. 678 (2001).

application of which is subject to federal-court review."[24] The Supreme Court further held that detention of up to six months is presumptively reasonable.[25]

The expiration of that six-month period "does not mean that every alien not removed must be released."[26] Rather, "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[27] Consequently, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[28]

Wu's claim fails because, at this time, he has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Wu asserts that such a possibility does not exist because (1) his removal proceedings concluded on August 19, 2025, and (2) has completed four applications for travel documents, but has not yet been removed to China.[29] However, evidence establishes that the Government submitted an application for

---

[24]  *Id.* at 682.
[25]  *Id.* at 701.
[26]  *Id.*
[27]  *Id.*
[28]  *Id.*
[29]  Doc. 1 at 5-6.

travel documents to the Chinese embassy on January 20, 2026, and that application is still pending with China.[30]

In similar circumstances, judges within this District routinely find the evidence presented insufficient to shift the burden to Respondents to demonstrate that continued detention is constitutional.[31] Because Wu has failed to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," this claim must be denied.[32] However, the Court is cognizant of the fact that "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future'

---

[30]  Doc. 6-3 at 1-2. Wu asserts that Respondents' proffer is insufficient since, *inter alia*, they do "not provide any evidence of such a request." Doc. 8 at 3. But Respondents submit their proffer in the form of a declaration under penalty of perjury, in accordance with 28 U.S.C. § 1746. *See* Doc. 6-3. This is sufficient evidence to support Respondents' averment. *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 315 (3d Cir. 2019).

[31]  *See Williams v. Sabol*, No. 3:13-CV-0798, 2013 WL 5532839, at *4 (M.D. Pa. Oct. 4, 2013) (concluding petitioner had failed to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future where there "is no indication in the record that St. Kitts-Nevis has refused to issue travel documents; it is still processing the request for them and Williams has failed to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future"); *Odogwu v. Holder*, No. 1:10-CV-2292, 2011 WL 846145, at *7 (M.D. Pa. Feb. 14, 2011) (finding insufficient evidence that removal was not reasonably likely in the reasonably foreseeable future where "Petitioner fails to provide any evidence that Nigeria has denied him as a citizen or that Nigeria will refuse to issue the appropriate travel documentation for him"), *report and recommendation adopted*, No. 1:10-CV-2292, 2011 WL 841537 (M.D. Pa. Mar. 8, 2011); *Sokpho Chrun v. Holder*, No. 3:11-CV-53, 2011 WL 1522329, at *3 (M.D. Pa. Apr. 20, 2011) (denying petition where "Petitioner has failed to provide any evidence that there is no significant likelihood of removal in the reasonably foreseeable future and immigration officials contacted the Cambodian government to request travel documents for Petitioner's removal"); *Walker v. Lowe*, No. 4:10-CV-0625, 2010 WL 2195793, at *4-5 (M.D. Pa. May 26, 2010) (insufficient evidence to support claim where "ICE has been working with the government of Jamaica to secure a travel document for Walker's removal" and "the mere fact that Walker's removal has not yet occurred is insufficient to establish that it is not likely to occur in the reasonably foreseeable future").

[32]  *Zadvydas*, 533 U.S. at 701.

conversely would have to shrink."[33] Accordingly, although the claim fails at this time, if Wu remains detained without progress on his removal, he may file a new petition challenging his continued detention.

### B.     Conditions of Confinement

Next, Wu asserts that he is entitled to release due to his conditions of confinement.[34] He argues that those conditions are punitive and "far beyond" what is constitutionally permissible for an individual held in civil detention.[35]

Wu asserts that: (1) his recreation or exercise time is limited to one hour per day, four days per week in a small cage if the weather permits, plus one hour per week on a basketball court; (2) there is only one computer in the law library and it does not have internet access; (3) the regular library has only forty books, only half of which are in English; (4) there is no clock; (5) he must wait 30 to 60 minutes to make a phone call, which is limited to 15 minutes, and he is limited to 500 minutes of telephone time per month; (6) there are no microwaves, limited access to hot water, and restricted eating times which has resulted in weight loss for Wu; (7) "immigration detainees are locked in and must be standing throughout the count"; and (8) detainees are threatened with 90 days of solitary confinement for non-

---

[33]   *Id.*
[34]   Doc. 1 at 9-10, 12.
[35]   *Id.* at 3.

7

compliance with rules.[36] Wu maintains that all of this equates to unconstitutional punishment.[37]

The United States Court of Appeals for the Third Circuit permits § 2241 petitions that challenge conditions of confinement "*only in extreme cases*."[38] Such petitions are "'limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.'"[39]

Despite permitting § 2241 petitions challenging conditions of confinement in limited circumstances, as other courts have observed, the Third Circuit has "expressly reserved the question whether less serious conditions—those not presenting the kind of existential threat confronted during an uncontrolled pandemic—could support a habeas claim."[40] Moreover, courts have restricted "§ 2241 conditions claims only [to cases] where the challenged conditions make detention itself unconstitutional and only release—not remediation—could remedy the violation."[41]

Here, Wu's conditions of confinement do not reach the heightened standards necessary for his claim to be cognizable in a § 2241 petition. Those conditions, while

---

[36]   *Id.*
[37]   *Id.* at 9.
[38]   *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020).
[39]   *Id.* (quoting *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973)).
[40]   *Silva v. Soto*, No. CV 25-16577, 2025 WL 3485658, at *3 (D.N.J. Dec. 4, 2025).
[41]   *Id.* (citing *Perri v. Warden FCI Fort Dix*, 2024 WL 3633567, at *2 (3d Cir. Aug. 2, 2024)).

certainly unpleasant, do not rise to the "extraordinary" and life-threatening nature of the conditions that existed at the beginning of the COVID-19 pandemic that previously sustained a conditions-of-confinement claim.[42] Rather, these conditions are the type that remediation, rather than release, may remedy. As such, Wu's proper recourse is through a civil rights action, not a § 2241 petition.[43]

In sum, Wu has failed to sustain his burden in this matter, and the Court cannot conclude that Wu's continued detention violates his due process rights. Furthermore, the Court concludes that Wu's conditions-of-confinement claim is not cognizable in a § 2241 petition. Accordingly, the petition will be denied in part and dismissed in part.

### III.   CONCLUSION

For the foregoing reasons, Wu's 28 U.S.C. § 2241 petition will be denied in part and dismissed in part.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[42]   *Hope*, 972 F.3d at 324.
[43]   *See Silva*, 2025 WL 3485658, at *6 (finding, based upon conditions materially worse than those presented here, that "Petitioner's allegations fall within the category of conditions traditionally addressed through civil-rights litigation").

9